**BRUMBAUGH, Admr, Etc v COBLENTZ**

Ohio Appeals, 2nd Dist, Miami Co

No 318. Decided Jan 16, 1934

Kerr, Kerr & Kerr, Troy, for plaintiff in error.

W. Harry Gilbert, Troy, for defendant in error.

**OPINION**

**By THE COURT**

It is the claim of plaintiffs in error that of the great number of defendants to the Coblentz cross-petition a few only were served personally; that others were served by leaving a copy of the summons at their usual places of residence but that these defendants did not receive the summons and, finally, that a greater number of defendants who were named were not served at all. Because of this state of service it is claimed by counsel for plaintiffs in error that as to those not served the judgment is void and that as to those who were served in the manner heretofore set forth the judgments are voidable.

It is also asserted that plaintiffs in error, who the returns of the sheriff disclose were served at their usual places of residence, had the right to go back of the returns and show that they did not receive copies of the summons.

Judge Jones held against the plaintiffs in error in a brief opinion which is made available to this court and with his conclusion we concur. §11286 GC, providing the manner of service and return, authorizes service upon a party "by leaving a copy of it at his usual place of residence." The petition of plaintiffs in error does not deny the correctness of the return of the sheriff disclosing that service was made as provided by that part of the statute just quoted. If the service was so made, and as the record stands it must be presumed to have been so made, then any party so served was before the court and subject to the judgment order. The statute does not require, as a prerequisite to jurisdiction, that a party receive a copy of the summons, it being presumed that if it is left at his usual place of residence he will receive it. But if he does not receive it there is no saving clause in the statute authorizing the opening up of a judgment taken after service had as provided by the section. Thus, as to the defendants who were served by leaving a copy of the summons at their usual place of residence, they were properly before the court and the allegation of the petition as framed did not require the court to take testimony on the service of process.

It is significant that plaintiffs in error in their petition to vacate rely entirely upon the formalities which are therein asserted and do not undertake to bring themselves within the usual averments of such a proceeding namely, that they have a defense to the cross-petition of Coblentz and set up what that defense is. Of course, plaintiffs in error had a right to rely upon the claim that the judgment against them was voidable and if well urged this would have disposed of the matter and required the court to have opened up. But inasmuch, in our judgment, their claim in this respect is not well made, it is pertinent to consider the other questions germane to the right to the relief sought in their petition to vacate.

Upon authority of **Douglas v Massie**, 16 Oh St 271, it is asserted that inasmuch as summons had not been served upon all of the named defendants on the cross-petition of Coblentz, the judgment is voidable and that plaintiffs in error could raise this question in the petition to vacate. The first proposition of the syllabus of the case cited seems to support the claim of plaintiffs

in error. However, Judge Avery in his opinion, in discussing the question, after stating the proposition which is carried into the syllabus, further says:

"By our law, when some of the defendants have been served and others not, upon a proper return being made by the sheriff, a declaration may be filed against such of the defendants as are served, and a valid judgment rendered against them."

It would seem, in the instant case, that the spirit of our code procedure would be violated if the defendants who were served were permitted to set aside the judgment because other defendants were not served, whom the return of the sheriff discloses were not in his bailiwick.

Every legal intendment must be indulged to support the validity and legality of the judgment entry of the trial court. This would include a presumption, until it was dispelled, that the court had a right to enter a several judgment against the defendants who have been served and others not, upon of Coblentz. If the liability of the defendants served was several as well as joint, then, under §§11583 and 11584 GC, there would seem to be no prohibition against the judgment as ordered. §11583 GC provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. By the judgment, the court may determine the final rights of the parties on either side, as between themselves, and grant to the defendant any affirmative relief to which he is entitled."

Sec 11584 GC:
· "In an action against several defendants, the court may render · judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

Considering §11583 GC the court in Lampkin v Chisom, 10 Oh St, 451, said that: .
· "The common-law rule that where a joint contract is the subject of an action, the recovery must be against all or neither of the defendants, has been modified by the 371st section of the code of civil procedure, so as to authorize judgment to be rendered 'for or against one or more of several defendants'."

And to like effect, Osbun v Bartram, 15 C.C., 224. Walsh Construction Company v. Cleveland, 16 OLR, 62, recognizes that the

statutes quoted change · the common-law rule by allowing separate judgments against several defendants.

Finally, without adverting at great length to the record, we are convinced that, as to the defendants who expressly noted exceptions to the judgment of the court in confirming the report of the master . as modified and who indicated a purpose to appeal, and· as to the defendants who noted exceptions to the judgment entered upon the confirmation of the report of J. Guy O'Donnell, special master commissioner, they have entered their appearance by failing to seasonably raise the question· of the jurisdiction of the court over their person.

"Taking the appeal or causing notice of appeal to be entered on the record is general appearance." **Mason v Alexander, 44 Oh St, 318; Newberry v Alexander, 44 Oh St, 346; Strong v Jaffa, 87 Oh St, 504; Fee v The Big Sand Iron Company, 13 Oh St, 563.**

We are, likewise, convinced that the noting of exceptions to the judgment in behalf of Coblentz in conjunction with the approval and confirmation of J. Guy O'-Donnell, special master ·commissioner, ·indicates a participation in the subject matter involved in the cross-petition of Coblentz and inasmuch as there is nothing on the record to indicate that the exceptions were made to a determination of the jurisdiction over the person it must be assumed that no such question was made.

It is urged that the plaintiffs in error did not ·have knowledge of the purpose of Coblentz in the action which he took to have his claim put in judgment as upon the report of the master commissioner. We do not believe this position is tenable. ·

We are of opinion that the plaintiffs in error have, by their conduct, waived their right to urge invalidity of service upon them in the petition to vacate the judgment of Coblentz.

The judgment of the trial court will be affirmed.

HORNBECK, PJ, KUNKLE and BARNES,· JJ, concur.